**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 23-cv-00212-NYW-SKC

ALFRED P. REAUD,

    Plaintiff,

v.

FACEBOOK, INC.,

    Defendant.

---

## ORDER

---

This matter is before the Court on the following motions filed by Plaintiff Alfred P. Reaud ("Mr. Reaud" or "Plaintiff"): (1) the Motion for Preliminary Injunction Enjoining Defendant from Serving Pornographic Ads to Plaintiff ("Motion for Preliminary Injunction" or "PI Motion"), [Doc. 8, filed March 21, 2023]; and (2) the Unopposed Motion to Modify Minute Order [16] ("Motion to Modify" and, collectively, the "Motions"), [Doc. 20, filed April 12, 2023]. Upon careful review of the Motion for Preliminary Injunction and the applicable case law, the Motion for Preliminary Injunction is respectfully **DENIED**, and the Motion to Modify is **DENIED as moot**.

## BACKGROUND

This action was initiated on January 24, 2023, when Mr. Reaud filed the Complaint, [Doc. 1], wherein he asserts a "Claim of Sexual Harassment" against Defendant Facebook, Inc. ("Facebook" or "Defendant")[1] on the basis that he "has been subjected to 93 instances of unwanted

---

[1] Defendant refers to itself as "Meta Platforms, Inc.," which "was formerly known as Facebook, Inc." [Doc. 19 at 3 n.1]. However, the Court will continue to refer to Defendant as "Facebook" in this Order.

gross and offensive pornographic ads . . . while using the Facebook social platform since September 2021." [*Id.* at 5]. Mr. Reaud claims that he has reported the ads to Facebook 63 times to no avail. [*Id.*]. He also claims that he has experienced "[psychological] damage and trauma" due to "continued exposure" to those ads and "from being restricted from interaction with friends and loved ones on the Facebook platform." [*Id.*]. Mr. Reaud seeks "Actual Damages for Sexual Harassment and Intentional Infliction of Emotional Distress," as well as punitive damages "to dissuade Defendant Facebook, Inc[.] from serving advertisements to Plaintiff Reaud and other users that violate Fakebook's own community standards." [*Id.* at 6].

On March 21, 2023, Plaintiff filed the instant Motion for Preliminary Injunction, seeking to enjoin Facebook "from serving [him] further pornographic ads in contravention of Facebook Community Standards." [Doc. 8 at 1]. Mr. Reaud states that he filed the PI Motion "because Facebook continues to serve" him the ads, even after he filed suit. [*Id.* at 1–2]. He proceeds to explain the basis for the PI Motion as follows:

> This unwanted pornographic content leaves Reaud feeling as if a sexual predator or molester is reaching out and touching him, and he is unable to defend himself. It leads to a disgusting loathsome feeling that almost leads one to want to shower oneself. That brings on a festering anger because Reaud studied Krav Maga for approximately five years and is quite capable of defending himself against a physical sexual predator or molester, but might as well be an invalid in this case. Because of its unwanted nature and psychological contact, i.e. the experience, it brings back old ancient childhood memories of molester contact at a semi-military academy/nunnery in upstate New York, memories best left in the past.

[*Id.* at 2]. Thus, Mr. Reaud continues, "the interests of justice" would be served, and "further injury" prevented, by a preliminary injunction enjoining Facebook from continuing to serve the ads to Plaintiff. [*Id.* at 3].

On April 4, 2023, this Court set a briefing schedule for the PI Motion, with Facebook's response due April 11, and Mr. Reaud's reply due April 18. [Doc. 16]. Facebook filed its response on April 11, 2023, [Doc. 18], and concurrently filed Defendant's Motion to Dismiss Plaintiff's

2

Complaint with Prejudice or, Alternatively, to Transfer Venue ("Motion to Dismiss").  [Doc. 19]. In the Motion to Dismiss, Facebook seeks dismissal of the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  [*Id.*].  Alternatively, Facebook seeks to transfer venue to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1404(a), based on a forum selection clause in the Terms of Service applicable to Plaintiff's use of Defendant's website.  [*Id.*].

The next day, Mr. Reaud filed the instant Motion to Modify, wherein he requests an extension of the deadline to reply to the Motion for Preliminary Injunction, until seven days after the Court rules on the Motion to Dismiss.  [Doc. 20 at 1].  Mr. Reaud reasons that the PI Motion will be moot if Defendant prevails on the Motion to Dismiss.  [*Id.* at 2].  He also states that "several of his oppositions to Facebook's Motion to Dismiss, when filed, would also address the oppositions presented by Facebook in their Response" to the Motion for Preliminary Injunction. [*Id.*].

The Court finds it appropriate to resolve the Motion for Preliminary Injunction without awaiting Plaintiff's reply.  *See* D.C.COLO.LCivR 7.1(d) (stating that a court may rule on a motion "at any time after it is filed").

## LEGAL STANDARD

Federal Rule of Civil Procedure 65 authorizes the Court to enter preliminary injunctions. Fed. R. Civ. P. 65(a).  "Preliminary injunctions are extraordinary remedies requiring that the movant's right to relief be clear and unequivocal."  *Planned Parenthood of Kansas v. Andersen*, 882 F.3d 1205, 1223 (10th Cir. 2018).  A party seeking preliminary injunctive relief must satisfy four factors: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the

3

movant's favor; and (4) that the injunction is in the public interest. *Petrella v. Brownback*, 787 F.3d 1242, 1257 (10th Cir. 2015). Whether to issue a preliminary injunction lies in the sound discretion of the trial court. *See RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (citations omitted).

## ANALYSIS

As the moving party, Mr. Reaud bears the burden to establish that each of the above-referenced factors tips in his favor. *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1188–89 (10th Cir. 2003) ("It is the movant's burden to establish that each of these factors tips in his or her favor."). Indeed, Mr. Reaud expressly acknowledges this burden in the Motion for Preliminary Injunction. *See* [Doc. 8 at 7 (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008))]. Notably, however, Mr. Reaud fails to discuss any of the factors in the PI Motion. *See generally* [*id.*]; *see also* [Doc. 18 at 3 (Defendant's argument that "Plaintiff does not even attempt to make a showing that he is likely to succeed on the merits of either of his claims")].

This Court is mindful that Mr. Reaud proceeds pro se and is entitled to a liberal construction of his papers. *See Smith v. Allbaugh*, 921 F.3d 1261, 1268 (10th Cir. 2019). But the Court cannot and does not act as Plaintiff's advocate or make arguments for him. *See Walters v. Wal-Mart Stores, Inc.*, 703 F.3d 1167, 1173 (10th Cir. 2013); *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). Nor does Mr. Reaud's pro se status exempt him from complying with the procedural rules that govern all civil actions filed in this District. *See Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018); *Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.2 (10th Cir. 2008). Thus, in light of Mr. Reaud's failure to address the relevant factors and, in turn, his inability to meet his burden in the PI Motion, the Court concludes that denial of the Motion for Preliminary Injunction is the proper outcome here.

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1)   Plaintiff's Motion for Preliminary Injunction Enjoining Defendant from Serving Pornographic Ads to Plaintiff [Doc. 8] is **DENIED**;

(2)   Plaintiff's Unopposed Motion to Modify Minute Order [16] [Doc. 20] is **DENIED as moot**.

DATED: April 13, 2023

BY THE COURT:

_____
Nina Y. Wang
United States District Judge